AWERKAMP, BONILLA & GILES, PLC
6891 N. Oracle Rd., Suite 155
Tucson, AZ 85704-4287
(520) 798-5282

Ivelisse Bonilla, SBN 023594
ib@abdilaw.com
Shannon Giles (SBN 018786)
sg@abdilaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry D. Mims,<br><br>    Plaintiff,<br><br>    vs.<br><br>Northwest Hospital, LLC dba Northwest Medical Center,<br><br>    Defendant. | No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

For his Complaint, Plaintiff, Jerry Mims, alleges as follows:

## **NATURE OF THE CASE**

1. Plaintiff seeks damages for employment discrimination and retaliation on the basis of national origin and race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, and the Civil Rights Act of 1991, 41 U.S.C. § 1981.

## **JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the Federal claims in this action pursuant to 28 U.S.C. § 1331 because of the Federal question presented by virtue of the fact that Plaintiff is bringing a claim for a violation of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e-2, and the Civil Rights Act of 1991, 41 U.S.C. § 1981.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all of the events giving rise to Plaintiff's claims occurred in this District, specifically in Pima County.

4. On February 1, 2021, Plaintiff dual-filed a timely Charge of Discrimination with the Arizona Office of the Attorney General, Civil Rights Division ("ACRD") and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging employment discrimination on the basis of national origin.

5. On August 27, 2021, the ACRD issued Mr. Mims a Notice of Right to Sue.

6. On November 10, 2021, the EEOC issued Mr. Mims a Notice of Right to Sue.

**PARTIES**

7. Plaintiff, Jerry Mims, is, and at all relevant times has been, a resident of Pima County, Arizona.

8. Defendant, Northwest Hospital, LLC ("NMC") is a private entity that employed Mr. Mims in Pima County and has more than 15 employees so as to be an "employer" within the meaning of Title VII.

**STATEMENT OF FACTS**

9. Mr. Mims is African-American.

10. In February of 2018, NMC hired Mr. Mims as a cardiovascular technologist in the Cardiac Catheterization Laboratory. Mr. Mims was recruited and initially hired and supervised by Elisa Gugerty, the Director of Cardiovascular Services.

11. Mr. Mims performed his job well and met or exceeded the expectations of his supervisor.

12. In October of 2019, Ms. Gugerty left NMC and was replaced as Director of Cardiovascular Services by Freddie Wolf.

13. After Ms. Gugerty left, Mr. Mims observed that his coworkers who were not African American had special privileges. They were allowed to choose their schedules and assignments while Mr. Mims was not. They were also permitted to arrive late and leave early while Mr. Mims was not.

14. As of January of 2020, management at NMC was extremely satisfied with Mr. Mims performance and encouraged him to apply for the position of Manager at the Cath Lab. Mr. Mims applied for the position on January 21, 2020.

15. In or around January or February of 2020, Mr. Mims complained to the Nurse Manager, Deborah McGee, the Floor Lead Nurse, Michael Hall, and the Director, Freddie Wolf, that he was being assigned to jobs others did not want to do and that his coworkers were being treated more favorably. Mr. Mims stated that he was not refusing to work, but simply asking that the work shifts be assigned equally and that he not be singled out because of his race with respect to work assignments.

16. After Mr. Mims complained, the scheduling became worse for Mr. Mims, and in February of 2020, Mr. Mims learned he was not selected for the position of Manager he was encouraged to apply for and for which he was qualified.

17. On September 22, 2020, Mr. Mims asked a Human Resources representative, Lea Hicks, to investigate because he felt he was being singled out because of his race.

18. On October 6, 2020, at the end of his shift, Mr. Mims was terminated and escorted out of the hospital.

**FIRST CAUSE OF ACTION**

**(Discrimination and Retaliation in Violation of Title VII)**

19. NMC terminated Mr. Mims' employment because of his African-American race and national origin and because he opposed unlawful discrimination.

20. NMC discriminated against Mr. Mims because of his race and national origin and retaliated against him for opposing unlawful discrimination.

21. NMC's termination of Mr. Mims' employment because of his race and national origin and because he opposed unlawful discrimination is a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

22. As a result of NMC's discriminatory termination of his employment, Mr. Mims suffered loss of wages and is entitled to his backpay losses in an amount to be determined at trial pursuant to 42 U.S.C. § 2000e-5(g)(1).

23. As a result of NMC's discriminatory termination of his employment, Mr. Mims has suffered emotional distress and is entitled to compensatory damages for emotional distress under 42 U.S.C. § 1981a(a)(1).

24. Mr. Mims is also entitled to his attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

25. Defendant engaged in unlawful intentional discrimination and acted either with malice or with reckless indifference to Plaintiff's federally protected rights.

## SECOND CAUSE OF ACTION

### (Discrimination and Retaliation in Violation of Section 1981)

1. NMC terminated Mr. Mims' employment because of his African-American race and national origin and because he opposed unlawful discrimination.

2. NMC intentionally discriminated against Mr. Mims because of his race and national origin and retaliated against him for opposing unlawful discrimination.

3. NMC's termination of Mr. Mims' employment because of his race and national origin and because he opposed unlawful discrimination is a violation of the Civil Rights Act of 1991, 41 U.S.C. § 1981.

4. As a result of NMC's discriminatory termination of Mr. Mims' employment, Mr. Mims has suffered loss of wages, harm to reputation and emotional distress.

5. Because Defendant engaged in unlawful intentional discrimination and acted either with malice or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages against Defendant.

6. Mr. Mims is entitled to both equitable and legal relief.

## REQUEST FOR JURY

7. Plaintiff requests a trial by jury to the fullest extent permitted by law.

## RELIEF SOUGHT

WHEREFORE, Plaintiff Jerry Mims requests judgment against Defendant Northwest Hospital, LLC awarding him the following:

(a) Compensatory damages for backpay and front pay, plus interest, harm to reputation and emotional distress;

(b) Punitive damages;

(c) Attorneys' fees and costs incurred in this lawsuit; and

(d) Any other equitable relief this Court deems appropriate and just.

RESPECTFULLY SUBMITTED on January 25, 2021.

AWERKAMP, BONILLA & GILES, PLC

By /s/   Shannon Giles
Ivelisse Bonilla
Shannon Giles
*Attorneys for Plaintiff*